FILED
IN CLERK'S OFFICE
U.S. D̶I̶S̶T̶R̶I̶C̶T̶ ̶C̶O̶U̶R̶T̶ E.D.N.Y.
★   MAY 2 3 2005   ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN CHINICCI,

                Plaintiff,                              04 CV 1447 (SJ)

   -against-

                                            ORDER

UNITED STATES POSTAL SERVICE
INSPECTION; POST MASTER
GENERAL JOHN E. POTTER

                Defendants.
------------------------------------------------------X

MAIL TO:

THOMAS F. BELLOW, ESQ. P.C.
515 Bement Avenue
Staten Island, NY 10310
By:    Thomas F. Bello
Attorney for Plaintiff

FISCHETTI & PESCE, LLP
7 Twelfth Street
Garden City, NY 11530
By:    Anthony M. Fischetti
Attorney for Interested Parties
(DHL Worldwide Express Inc.,
Sal Caltalfumo, Jim McGeown)

JOHNSON, Senior District Judge:

       On October 12, 2004, Plaintiff moved for default judgment against Defendants.

Plaintiff's submission failed to include any document by which the Clerk of Court may

notate Defendants' default. Such notation of default is a prerequisite to this Court's

consideration of Plaintiff's default judgment motion. (See Fed.R.Civ.Pro. 55(e) ("No

1

judgment by default shall be entered against the United States or an officer or agency thereof unless claimant establishes a claim or right to relief by evidence satisfactory to the court."); see also Ct.'s Individual Rules & Motion Practices at 2, at www.nyed.uscourts.gov ("Plaintiffs moving for default judgment **MUST** forward to the Clerk of the Court their requests for a certificate/notation of default. No default judgment will be considered until the Clerk has entered a notation of default."))

On at least three separate occasions spanning the last six months, a law clerk has attempted to contact Plaintiff's counsel to request the requisite documents, leaving at least two messages with a secretary or receptionist at counsel's office and at least one voice mail message on counsel's direct line. The last telephone message informed Plaintiff's counsel that failure to timely submit the requisite certificate of default would result in this Court's dismissal of the above-captioned matter for failure to prosecute. However, despite this Court's requests and forewarning, Plaintiff has failed to submit any documents by which the Clerk of Court may notate Defendants' default.

This Court has the discretion to dismiss Plaintiff's claims for failure to prosecute, under Federal Rule of Civil Procedure 41(b), particularly where, as here, Plaintiff has failed to comply with the Federal Rules of Civil Procedure or the court's orders. See, e.g., Feurtado v. City of New York, No. 03 Civ. 1147, 2004 WL 2904408, at *5 (S.D.N.Y. Dec. 15, 2004); Lopez v. Catholic Charities of the Archdiocese of N.Y., No. 00 Civ. 1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001); Antonios A. Alevizoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov.

8, 2000). Such dismissal may occur *sua sponte*. Feurtado, 2004 WL 2904408, at *3.

Plaintiff's Complaint is therefore DISMISSED. The Clerk of Court is directed to enter a final judgment of dismissal.

SO ORDERED.
Dated: May 16, 2005

s/SJ
Senior U.S.D.J.

3

P-049